UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUSION CONNECT, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL MANAGEMENT SOLUTIONS, INC., <br><br> Defendant. | Case No. 1:24-cv-07192 (NRB) <br><br> **STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT** |

The parties to this Stipulated Protective Order and Clawback Agreement have agreed to the terms of this Order; accordingly, it is ORDERED:

## TREATMENT OF CONFIDENTIAL MATERIALS

**1. Scope.** All documents produced in the course of discovery, including responses to discovery requests, deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause, and information derived directly therefrom (hereinafter "documents"), shall be subject to this Order concerning confidential information as set forth below.

**2. Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and that

1

will permit complete removal of the CONFIDENTIAL designation. In the alternative, a party may designate documents as CONFIDENTIAL and restricted in disclosure under this Order by simultaneously producing a written log specifically describing (by Bates range or otherwise) the documents to treated as CONFIDENTIAL. The attorney for the disclosing party shall be responsible for updating the written log and recirculating it to opposing counsel by email or regular mail each time a CONFIDENTIAL document is added to the log. Documents shall be designated CONFIDENTIAL prior to or at the time of the production or disclosure of the documents unless the parties otherwise agree in writing. Documents produced prior to the date of this Order may be designated CONFIDENTIAL within thirty (30) days of entry of this Order. The designation "CONFIDENTIAL" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any party that inadvertently produces a confidential document without affixing a "CONFIDENTIAL" designation may subsequently designate that document as CONFIDENTIAL, so long as the subsequent designation occurs prior to the placement of that document in the public record.

**3. Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL but only after review of the documents by an attorney who has in good faith determined that the documents contain information protected from disclosure by statute, that should be protected from disclosure as confidential personal information, trade secrets, personnel records, or commercially sensitive information, and/or that is subject to a non-disclosure agreement with a third-party. Information or documents that are available in the public sector may not be designated as CONFIDENTIAL.

**4. Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such. Such designation shall be specific as to the portions to be designated

CONFIDENTIAL. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL until ten (10) business days after delivery of the transcript by the court reporter. Within ten (10) business days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL. Thereafter, those portions so designated shall be protected as CONFIDENTIAL pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL designation made on the record of the deposition.

**5. Protection of Confidential Material.**

**(a) General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof.

**(b) Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL documents to any third person or entity except as set forth in subparagraphs (1)-(8). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:

> **(1) Counsel.** Counsel for the parties and employees of and consultants to counsel who have responsibility for the preparation and trial of the action;
>
> **(2) Parties.** Parties and employees of a party to this Order;
>
> **(3) Authors and Recipients.** As to a document, its author, its addressees, and any other person indicated on the face of the document as having received a copy;

    **(4) Court Reports and Recorders.** Court reporters and recorders engaged for depositions;

    **(5) Contractors.** Those persons or entities specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person or entity has completed the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound;

    **(6) Consultants and Experts.** Consultants, accountants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this cation but only after such persons have completed the certification contained in Attachment A, Acknowledgement and Agreement to Be Bound;

    **(7) Others by Consent.** Other persons, including witnesses, only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment and Agreement to Be Bound; and

    **(8) Others as Required By Law.** If a party is served with a subpoena seeking copies of documents such party has obtained through discovery that are marked CONFIDENTIAL, such party may produce such documents in order to comply with the subpoena; provided, however, that a party served with such subpoena will promptly give notice to the party that produced the subject documents so that the producing party will have an opportunity to oppose the subpoena.

**(c) Control of Documents.** Counsel for the parties shall afford documents designated as CONFIDENTIAL pursuant to the terms of this Order the same degree of protection with

which the recipient protects its own confidential information and shall make reasonable efforts to prevent unauthorized disclosure of same. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of two years following the closing or dismissal of this action.

**(d) Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy or specifically identified and designated as "CONFIDENTIAL" in written or email communications to the receiving party. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

**(e) Non-Parties.** This provision for treatment of confidential information shall also be extended to any document productions made by non-parties, provided such extension is reasonable and reciprocal.

**6. Filing of CONFIDENTIAL Documents Under Seal.** Before any document marked as CONFIDENTIAL is filed with the Court, the party filing the document shall make reasonable efforts to ensure that the document is protected from public disclosure. The filing party shall, within ten (10) days of any filing deadline or filing date determined at the absolute discretion of the filing party, first consult with the party which originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, a redacted document may

be filed with the Court. If the parties agree on filing a redacted document, the designating party shall have the burden of providing a redacted version of the document to be filed within five days of the filings party's deadline. Where agreement on redaction is not possible or adequate and/or where there is insufficient time to complete the redaction process prior to a filing deadline, the filing party will omit any document marked CONFIDENTIAL and/or any portion of the papers filed with the Court that disclose the material designated as CONFIDENTIAL from its filing materials and inform the Court that a motion for impoundment will be sought with respect to the CONFIDENTIAL materials. While such documents shall not be part of any public filing, they shall be provided to the other party and the Court by electronic mail, with notice that the materials are to be maintained confidentially in accordance with this Order. The designating party shall then move the Court for an order of impoundment "for good cause shown" within five (5) business days following the filing of its papers. No party shall object to the timeliness of any motion or other paper subject to this impoundment procedure when the delay in filing is attributable to the request for an order of impoundment. If the motion for impoundment is granted, then the filing party shall resubmit its filing under seal according to the procedures for filing impounded materials. The parties will use their best efforts to minimize such sealing.

      **7. No Greater Protection of Specific Documents.** No party may withhold information from discovery, other than information protected by attorney-client privilege or the work-product doctrine, on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

      **8. Challenges by a Party to Designation as Confidential.** Any designation of a document as CONFIDENTIAL is subject to challenge by any party or non-party (hereinafter "party"). The following procedure shall apply to any such challenge.

      **(a) Objection to Confidentiality.** If a party receiving any document designated as

CONFIDENTIAL seeks to challenge that designation, the receiving party may serve upon the designating party a letter objecting to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL documents to which objection has been made shall maintain their designation until designated otherwise by waiver, agreement or Court order. As to any document subject to this Order, the parties reserve the right to object to a designation throughout the duration of this case.

**(b) Obligation to Meet and Confer.** The objecting party and the party which designated the documents to which objection has been made shall have ten (10) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

**(c) Dispute Resolution.** In the absence of agreement as to any documents designated CONFIDENTIAL, the designating party shall file within 30 days of the service of the objection a motion to retain the CONFIDENTIAL designation. The moving party has the burden to show good cause for the CONFIDENTIAL designation. The failure to file the motion waives the CONFIDENTIAL designation of documents to which objection was made.

**9. Action by the Court.** Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**10. Use of Confidential Documents or Information at Trial.** A party which intends to present or which anticipates that another party may present at trial CONFIDENTIAL documents

or information derived therefrom shall identify the issue, not the information, in the pretrial memorandum. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

**11. Obligations on Conclusion of Litigation.**

**(a) Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Return of CONFIDENTIAL Documents.** Within 90 days after dismissal or entry of final judgment not subject to further appeal, all documents treated as CONFIDENTIAL under this Order, including copies as defined in ¶ 5(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the receiving party destroys it in lieu of return and certifies to the producing party that it has done so; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated CONFIDENTIAL, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL documents. Any disclosure of CONFIDENTIAL information by counsel, inadvertent or otherwise, shall not be grounds for or give rise to any cause of action against counsel or their law firms.

**12. No Prior Judicial Determination.** This Order is entered based on the representations

and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

## TREATMENT OF PRIVILEGED MATERIALS AND CLAWBACK AGREEMENT

13. **Privilege Logs.**

(a) **Production.** Except as otherwise agreed, each party will produce a privilege log within 60 days of its withholding of any responsive electronically stored information or other documents, pursuant to Fed. R. of Civ. P. 26(b)(5).

(b) **Limitations.** To avoid undue burden and expense, where multiple versions of a thread of email communications have been withheld from production, the most complete version of the thread may be described on the privilege log, while the less complete versions of the same thread may be omitted, so long as an attorney has determined in good faith that each version of the thread that was been withheld is protected by the attorney-client privilege and/or the work product doctrine in its own right.

14. **Clawback Agreement.** The inadvertent production of privileged documents shall not be deemed a waiver of the privilege.

(a) **Notification.** If a producing party discovers that materials protected by the attorney-client privilege, the work product doctrine or any other applicable protection have been inadvertently produced, counsel for the producing party shall promptly give notice to

counsel for the receiving party. Conversely, if a receiving party reasonably believes that materials protected by the attorney-client privilege, the work product doctrine, or any other applicable protection have been inadvertently produced, the receiving party shall promptly give notice to counsel for the producing party.

**(b) Non-Waiver.** The receiving party shall then take prompt steps to ensure that all copies of such material are destroyed or returned to the producing party. The receiving party may afterward contest any applicable claim of privilege, work product or other protection as if the materials had not been produced, but shall not assert that a waiver has occurred as a result of the production. Any motion contesting any applicable claim of privilege, work product or other protection must be filed under seal. The disclosing party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed materials. Nothing in this Order shall limit the right of any party to request an in camera review of the inadvertently disclosed materials.

**(c) Non-Parties**. This provision for non-waiver of privilege upon inadvertent production shall also be extended to any document productions made by non-parties, provided such extension is reasonable and reciprocal.

**(d) Rule 502.** By operation of this Order, the parties are specifically afforded the protections of Fed. R. Evid. 502 (d) and (e).

**15. Order Subject to Modification.** This Order shall be subject to modification by the Court or on request of a party or any other person with standing concerning its subject matter.

**16. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

SO ORDERED:

*Naomi Reice Buchwald* (signature)

United States District Judge

Endorsed: July 9, 2025

AGREED TO ON July  8, 2025

| Law Offices of Donald Watnick | Stein Adler Dabah & Zelkowitz LLP |
|---|---|
| /s/ *Donald E. Watnick* | /s/ *Noam Besdin* |
| Donald E. Watnick | Noam Besdin |
| 200 West 41st Street, 17th Flr | 936 Broadway, 5th Flr |
| New York, New York  10036 | New York, New York  10010 |
| Tel: (212) 213-6886 | Tel : (212) 867-5620 |
| dwatnick@watnicklaw.com | nbesdin@steinadlerlaw.com |

1

**Attachment A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FUSION CONNECT, INC.,<br><br>                      Plaintiff,<br><br>v.<br><br>GLOBAL MANAGEMENT SOLUTIONS, INC.,<br><br>                      Defendant. | Case No. 1:24-cv-07192 (NRB)<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND** |

This undersigned hereby acknowledges that he/she has read the Stipulated Protective Order and Clawback Agreement dated April 15, 2022 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Massachusetts in matters related to the Stipulated Protective Order and Clawback Agreement and understands that its terms obligate him/her to use documents designated CONFIDENTIAL in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

2

The undersigned acknowledges that a violation of the Stipulated Protective Order and Clawback Agreement may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   _____
                              Signature